**Michael PEASLEY, Plaintiff,**

v.

**VERIZON WIRELESS (VAW) LLC aka Verizon Wireless, a New Jersey corporation, Defendant.**

**No. 04CV533RAJB.**

United States District Court, S.D. California.

April 4, 2005.

## ORDER GRANTING MOTION TO DISMISS; DISMISSING ACTION

RHOADES, District Judge.

### I. Introduction

This is an action for violation of 15 U.S.C. § 1681s–2(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Defendant Verizon Wireless ("Verizon") has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is granted.

### II. Background

Plaintiff Michael Peasley ("plaintiff") alleges that Verizon falsely reported to credit bureaus that he had incurred a $3,405 bill with Verizon that he had not paid. Plaintiff contacted Verizon in an attempt to resolve this matter, to no avail. Plaintiff seeks to hold Verizon liable for violating 15 U.S.C. § 1681s–2(b).

### III. Analysis

■ 15 U.S.C. § 1681s–2(b) provides that *"[a]fter receiving notice pursuant to section 1681i(a)(2) of this title* of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the furnisher of information to a consumer reporting agency shall follow certain procedures established to ensure that accurate information is being provided. (emphasis added). 15 U.S.C. § 1681i(a)(2) provides that "[b]efore the expiration of the 5–business–day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . ., the agency shall provide notification of the dispute to any person who provided any item of information in dispute . . . ." Courts have consistently held that for the duty imposed by § 1681s–2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer. *See Whisenant v. First National Bank & Trust Co.*, 258 F.Supp.2d 1312, 1316 (N.D.Okla.2003) ("Courts have consistently held that a furnisher's duty under § 1681s–2(b) is triggered 'only after the furnisher receives notice of the dispute from a consumer reporting agency.' "); *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 640 (5th Cir.2002) ("Young points to no evidence tending to prove that Penney received notice of a dispute from a consumer reporting agency within five days, as is required to trigger Penney's duties under Section 1681s–2(b)."); *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 783–4 (W.D.Ky.2003) ("More important, subsection (b) makes the furnisher's responsibilities contingent upon receiving 'notice pursuant to section 1681i(a)(2).' This means that a furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough.") (internal footnote omitted).

■ The first amended complaint does not allege that Verizon was ever notified by a credit reporting agency; in fact, it alleges the plaintiff did not notify a credit reporting agency but rather notified Verizon directly. *See* FAC ¶ 35. Thus, the complaint fails to state a claim for violation of § 1681s–2(b) upon which relief can be granted.

While not disputing the plain language of § 1681s–2(b), plaintiff in essence contends that the court should ignore the plain language of § 1681s–2(b) based on the principles of waiver and estoppel. While novel (as evidenced by plaintiff's inability to cite any case applying these doctrines in similar circumstances), this argument is unavailing.

■ As the Ninth Circuit has explained:

Waiver and estoppel are legal terms which are frequently used interchangeably. Although the legal consequences of each are often the same, the requisite elements are different. Waiver refers to the voluntary or intentional relinquishment of a known right. It emphasizes the mental attitude of the actor. On the other hand, estoppel is any conduct, express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. It is grounded not on subjective intent but rather on the objective impression created by the actor's conduct. It is in the

area of implied waiver that the two doctrines are closely akin.

*Matsuo Yoshida v. Liberty Mut. Ins. Co.,* 240 F.2d 824, 829 –830 (9th Cir.1957) (internal footnote omitted). Here, although at first glance it might appear that plaintiff is attempting to use these doctrines as a "shield" by arguing that Verizon has "waived" its right to be notified by a consumer reporting agency, plaintiff is actually attempting to use these doctrines as a "sword" to impose duties on Verizon and to carve out a cause of action that does not otherwise exist under the statute as written and passed by Congress. Unfortunately for plaintiff, however, "it is settled that waiver can be employed only for defensive purposes. It can preclude the assertion of legal rights *but it cannot be used to impose legal duties.* The shield cannot serve as a sword." *Rennie & Laughlin, Inc. v. Chrysler Corp.,* 242 F.2d 208, 210 (9th Cir.1957) (emphasis added); *see also Groves v. Prickett,* 420 F.2d 1119, 1125 – 1126 (9th Cir.1970) ("A waiver can be employed only for defensive purposes. Although it can preclude the assertion of legal rights, *it cannot be used to impose legal duties.*") (citing *Rennie & Laughlin, Inc. v. Chrysler Corp.*) (emphasis added).

■ Plaintiff asserts that "just because the statute anticipates a particular way the mechanics of the statute will operate, this Court should not conclude that every other equivalent invocation of the statute should be futile and act to lock the hapless consumer out of the court house." Opposition at 8:23–26. However, it is Congress which determined that the failure of a consumer to comply with the requirements of § 1681s–2(b) should preclude a consumer from going to court for money damages. As Verizon notes, § 1681s–2(a)(8) provides that a consumer may dispute information directly with the furnisher of that informa-

tion. However, it is clear that if a consumer chooses that procedure, the consumer may not bring a civil action for money damages. Section § 1681s–2(c) provides that § 1681n, which addresses civil liability to a consumer for willful statutory noncompliance, and § 1681o, which addresses civil liability to a consumer for negligent statutory noncompliance, do not apply to a violation of § 1681s–2(a). Moreover, § 1681s–2(d) provides that § 1681s–2(a) shall be enforced exclusively as provided under § 1681s of title 15, which section provides for administrative enforcement.

In *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir.2002), the Ninth Circuit recognized that Congress had a reason for allowing private causes of action for violation of § 1681s–2(b) but not for violation of § 1681s–2(a). As the court explained:

> It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s–2(a) to governmental bodies. But Congress did provide a filtering mechanism in § 1681s–2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher. *See* 15 U.S.C. § 1681i(a)(3) (allowing CRA to terminate reinvestigation of disputed item if CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant"). With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s–2(b), Congress put no limit on private enforcement under §§ 1681n & o.

*Id.* at 1060.

■ Finally, "it is well-established that when the statute's language is plain, the

sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (internal quotation marks omitted). Here, the language of § 1681s–2(c) and (d) is clear—a consumer can bring an action for damages for violation of § 1681s–2(b) but not for violation of § 1681s–2(a). Pursuant to the plain language of the statute, a violation of § 1681s–2(b) only occurs where the furnisher of information has been contacted by a credit reporting agency. The court must enforce § 1681s–2 according to its terms. Any other course of action would render § 1681s–2(b), (c) and (d) meaningless.

## IV.   Conclusion

For the reasons set forth above, Verizon's motion to dismiss is granted. The first amended complaint is dismissed, and the action is dismissed. The Clerk shall terminate this action accordingly.

**IT IS SO ORDERED.**